564 F.2d 283
 77-2 USTC P 9749
 Francis E. HOLMAN and Eloise F. Holman, his wife, Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee.
William M. HOLMAN and Emily L. Holman, his wife, Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee.
 Nos. 76-3671, 76-3672.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 3, 1977.
 
 William M. Holman, Seattle, Wash. (argued), for appellants.
 Gilbert S. Rothenberg, Dept. of Justice, Washington, D.C. (argued), for appellee.
 Appeal from the Decisions of the United States Tax Court.
 Before WALLACE and SNEED, Circuit Judges, and BOLDT*, District Judge.
 SNEED, Circuit Judge:
 
 
 1
 Francis E. Holman and William M. Holman were partners in a law firm from which, pursuant to the terms of the partnership agreement, they were expelled. As a consequence, again pursuant to the partnership agreement, they received in the taxable years of 1969 and 1970 certain amounts for their interests in the partnership "inventory" which the partnership agreement defined to mean "accounts receivable" and "unbilled services."
 
 
 2
 The Holmans argue that these amounts in their entirety are entitled to be taxed as capital gains. The Commissioner insists that these amounts should be taxed as ordinary income. The Tax Court agreed with the Commissioner, Francis E. Holman, 66 T.C. 809 (1976), and so do we.
 
 
 3
 The position of the Holmans is not lacking in ingenuity. Essentially it is that these payments, having been made pursuant to an "expulsion" rather than because of a partner's death, retirement, or his transfer of his partnership interest, escape the reach of sections 736 and 751 of the 1954 Internal Revenue Code and perforce must be governed by the final sentence of section 731(a). That sentence reads:
 
 
 4
 "Any gain or loss recognized under this subsection shall be considered a gain or loss from the sale or exchange of the partnership interest of the distributee partner."
 
 
 5
 Inasmuch as their partnership interest constituted a capital asset the Holmans contend that this sentence dictates that the amounts in question be treated as capital gain.
 
 
 6
 The Commissioner's contention is that the payments do not escape the reach of sections 736 and 751 and that as a consequence the tax characteristics of the amounts are governed by those sections and not by the final sentence of section 731(a). Insofar as section 736 is concerned, the Commissioner insists that each of the taxpayers was a "retiring partner" in receipt of a "guaranteed payment," as described in section 736(a)(2), which constituted payment for "unrealized receivables of the partnership" as employed in section 736(b) and defined in section 751(c). Such payments, pursuant to section 736(b) are not "in exchange for the interest of such partner in the partnership" and thus not entitled to capital gains treatment. The applicable regulation supports the Commissioner. It provides that "A partner retires when he ceases to be a partner under the local law." Income Tax Reg. § 1.736-1(a)(1)(ii).
 
 
 7
 We hold that the Commissioner's analysis, with which the Tax Court agreed, is correct. We do this because we are convinced that Congress in this context did not intend to draw a distinction between a partner who voluntarily withdraws from a partnership because of age or other reasons and a partner who is expelled from the partnership. The above quoted regulation correctly reflects that intention. Moreover, an interpretive regulation, not unreasonable and not obviously inconsistent with the statute, should be given effect. See Kean v. Commissioner of Internal Revenue, 469 F.2d 1183 (9th Cir. 1972).
 
 
 8
 An interpretation which recognized the distinction between retirement and expulsion for the purpose of permitting payments on expulsion to be taxed as capital gains, while identical payments on retirement would be taxed as ordinary income, would bear no sensible relationship to the purposes reflected by the sections of the Code involved here. Congress intended that payments by a partnership to a partner for his share of the partnership's receivables should be taxed as ordinary income to the recipient and not taxed at all to the remaining partners. Cf. 1 Willis, Partnership Taxation, § 46.01-46.03 (1976). This purpose is furthered by the Commissioner's interpretation; it would be frustrated to a degree by that of the taxpayers. We have no desire to encourage the use of "expulsions" to circumvent the normal operation of sections 731, 736 and 751.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Hon. George H. Boldt, Senior United States District Judge for the Western District of Washington, sitting by designation